UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ST. REGIS MOHAWK TRIBE,

       Plaintiff,

  -against-            8:09-CV-0896 (LEK/TWD)

ANDREW M. CUOMO, as Governor of
New York;[1] and FRANKLIN COUNTY,
NEW YORK,

       Defendants.

## MEMORANDUM-DECISION and ORDER

**I. INTRODUCTION**

This is an action to clarify the boundaries of an Indian reservation in the northernmost reaches of New York. Plaintiff the St. Regis Mohawk Tribe ("Plaintiff") filed its Complaint on August 5, 2009, seeking a declaratory judgment. Dkt. No. 1 ("Complaint"). On October 30, 2009, Defendants Andrew Cuomo and Franklin County (collectively, "Defendants") filed a Motion to dismiss. Dkt. No. 13 ("Motion"). Briefing was completed on March 25, 2010, and the case was reassigned to the undersigned on October 2, 2012. Dkt. Nos. 18 ("Response"); 23 ("Reply"); 24 ("Supplemental Response"); 27 ("Supplemental Reply"); 32. Because the Court determines that it lacks jurisdiction, Plaintiff's Complaint is dismissed, and Defendants' Motion is denied as moot.

**II. BACKGROUND**

The Court derives the following facts from Plaintiff's Complaint and accepts them as true for the purpose of ruling on whether to dismiss the Complaint. See Ashcroft v. Iqbal, 556 U.S. 662,

---

[1] Andrew M. Cuomo is substituted for his predecessor, David A. Paterson, by operation of Federal Rule of Civil Procedure 25(d). The Clerk of the Court is directed to amend the docket accordingly.

678 (2009). Plaintiff is a federally recognized Indian tribe with reservation lands on the Canadian border in Franklin and St. Lawrence Counties in far northern New York. Compl. ¶ 5. In 1796, a federally ratified treaty with the Seven Nations of Canada, including "the St. Regis Indians," established the boundaries of a reservation for "the Indians of the village of St. Regis" ("St. Regis Reservation") and forever extinguished all other claims by member tribes of the Seven Nations to lands in New York. Id. ¶¶ 5, 8; see id. Ex. 1. Congress has passed no subsequent law diminishing the St. Regis Reservation or otherwise altering its boundaries. Id. ¶ 15.

In 1950, Congress passed a law conferring civil jurisdiction on New York state courts to decide cases between Indians, or between an Indian and any other person, to the same extent those courts have jurisdiction under New York law to decide other civil actions arising after September 13, 1952. 25 U.S.C. § 233; cf. id. § 232 (conferring coextensive criminal jurisdiction on New York courts). A proviso states that § 233 shall not "be construed as subjecting the lands within any Indian reservation in the State of New York to taxation for State or local purposes, nor as subjecting any such lands . . . to execution on any judgment rendered in the State courts . . . ."[2]

Recently, Defendants have attempted to assert authority within the St. Regis Reservation boundaries, particularly in an area within Franklin County called the Hogansburg Triangle ("Triangle"). Compl. ¶ 3. Specifically, Plaintiff complains that: (1) local governments within Franklin County seek to apply their building codes to Mohawk construction in the Triangle; (2) New

---

[2] Another proviso states that § 233 shall not "be construed as authorizing the alienation from any Indian nation, tribe, or band of Indians of any lands within any Indian reservation in the State of New York," no doubt to prevent § 233 from being interpreted as a repeal or limitation of the Indian Nonintercourse Act, 25 U.S.C. § 177, which makes lands held by Indian nations or tribes inalienable except by federal treaty. Accord Mohegan Tribe v. Connecticut, 528 F. Supp. 1359, 1364-65 (D. Conn. 1982).

2

York seeks to impose its licensing laws on businesses in the Triangle; and (3) Franklin County seeks to impose real property taxes on land owned by Plaintiff or Plaintiff's tribal members within the Triangle. Id. ¶ 13. Plaintiff contends that because only Congress may change or diminish the boundaries of a federally established reservation, § 233 applies throughout the boundaries of the St. Regis Reservation as established in 1796, and that Defendants' actions are inconsistent with § 233. Id. ¶¶ 15-17. Accordingly, Plaintiff seeks a judgment declaring that: (1) Congress has never diminished or changed the boundaries of the St. Regis Reservation surrounding the Triangle and, therefore, those boundaries remain as established in 1796; (2) the Triangle continues to be part of the 1796 reservation; and (3) the jurisdiction of the Tribe, the State, and the local governments within the Triangle is governed by § 233. Id. at 6. Defendants seek dismissal of Plaintiff's Complaint on three grounds: (1) Plaintiff's claim should have been brought in its earlier action seeking to reclaim title to and possession of portions of the St. Regis Reservation that Plaintiff claims were taken unlawfully in the early nineteenth century; (2) the equitable defense articulated by the Supreme Court in City of Sherrill v. Oneida Indian Nation of N.Y., 544 U.S. 197 (2005), bars Plaintiff's claim;[3] and (3) Andrew Cuomo has sovereign immunity from Plaintiff's claim. Dkt. No. 13-23 ("Defendants' Brief").

## III. SUBJECT-MATTER JURISDICTION

### A. Legal Standard

Federal courts are courts of limited jurisdiction with strictly limited powers. Garanti

---

[3] Effective July 8, 2013, the Court dismissed all of Plaintiff's title and possession claims in its earlier action, except as relating to power-line easements and the Triangle, as equitably barred under Second Circuit precedent interpreting and applying Sherrill. Canadian St. Regis Band of Mohawk Indians v. New York, No. 82-CV-0783, 2013 WL 3992830 (N.D.N.Y. July 23, 2013) (Kahn, J.) (correcting and clarifying July 8, 2013, order under FED. R. CIV. P. 60(a)).

3

Finansal Kiralama A.S. v. Aqua Marine & Trading Inc., 697 F.3d 59, 64 (2d Cir. 2012); see also id. ("There is always a 'presumption against jurisdiction.'" (quoting Miller v. United States, 78 U.S. 268, 299 (1870))). Federal Rule of Civil Procedure 12(h)(3) requires a court to dismiss an action if the court determines at any time that it lacks subject-matter jurisdiction. The only jurisdiction alleged here is federal-question jurisdiction under 28 U.S.C. § 1331.[4] See Compl. ¶ 4. "Under 28 U.S.C. § 1331, federal district courts have jurisdiction over cases 'arising under the Constitution, laws, or treaties of the United States.'" New York v. Shinnecock Indian Nation, 686 F.3d 133, 138 (2d Cir. 2012). This statutory grant of jurisdiction is narrower than the full range of power permitted by parallel language in Article III of the Constitution but not to date authorized by Congress. Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 808 (1986).

"[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal quotation marks omitted)); accord Shinnecock, 686 F.3d at 138. The "vast majority" of cases over which federal courts have federal-question jurisdiction are "those in which federal law creates the cause of action"; in other cases, federal-question jurisdiction may exist where "the vindication of a right under state law necessarily turns on some construction of federal law." Merrell Dow, 478 U.S. at 808; see also Shinnecock, 686 F.3d at 138 ("A cause of action raises an issue of federal law only when 'a right or immunity created by the Constitution or laws of the United States . . . [is an]

---

[4] That this action seeks a declaratory judgment does not alter the jurisdictional analysis; the Declaratory Judgment Act extended a new form of relief to litigants but did not extend the federal courts' jurisdiction. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950).

4

essential [element] of the . . . cause of action.'" (quoting Gully v. First Nat'l Bank, 299 U.S. 109, 112 (1936) (alterations in original))). Federal defenses do not suffice. Shinnecock, 686 F.3d at 138. Moreover, "simply raising a federal issue in a complaint will not automatically confer federal question jurisdiction." Perpetual Secs., Inc. v. Tang, 290 F.3d 132, 137 (2d Cir. 2002). Rather, a court must "proceed prudently and make pragmatic distinctions between those allegations, if any, that raise substantial questions and those that . . . '[are] so patently without merit as to justify . . . the court's dismissal for want of jurisdiction." Id. (quoting Duke Power Co. v. Carolina Env. Study Grp., 438 U.S. 59, 70 (1978)).

### B. Discussion

Here, Plaintiff has not alleged a cause of action. The crux of Plaintiff's argument is that Defendants are violating 25 U.S.C. § 233 by attempting to impose licensing laws, building codes, and property taxes within the Triangle. Plaintiff's invocations of congressional inaction, a federally ratified treaty, and federal case law on reservation boundary diminishment serve only to support Plaintiff's argument that § 233 applies throughout the boundaries of the St. Regis Reservation as originally established in 1796. See generally Compl.; Resp.; Suppl. Resp.

Section 233 reads, in relevant part:

> The courts of the State of New York under the laws of such State shall have jurisdiction in civil actions and proceedings between Indians or between one or more Indians and any other person or persons to the same extent as the courts of the State shall have jurisdiction in other civil actions and proceedings, as now or hereafter defined by the laws of such State: . . . *Provided* . . . , That nothing herein contained shall be construed as subjecting the lands within any Indian reservation in the State of New York to taxation for State or local purposes . . . .

The statute plainly states that it is a conferral of jurisdiction on New York courts and that said conferral is not authority for New York or its constituent political subdivisions to levy taxes on the

lands within a reservation.  Section 233 does not forbid the levying of such taxes; it simply provides that any authority to do so must be found elsewhere.  Nor does § 233 address state licensing laws or local building codes.  Accordingly, § 233 does not govern the present dispute.[5]  As the Second Circuit has recognized, "25 U.S.C. § 233 . . . is not a basis for federal jurisdiction but a cession from U.S. courts to New York courts of jurisdiction over certain disputes involving tribes."  Shinnecock, 686 F.3d at 141 n.7.  Plaintiff therefore has failed to plead a federal question conferring jurisdiction on the Court or, at best, has pleaded one that is so patently without merit as to justify dismissal for lack of jurisdiction.  See Rivet, 522 U.S. at 475; Perpetual Secs., 290 F.3d at 137.

It may be that Defendants' attempts to levy property taxes and impose licensing laws and building codes violate some other provision of federal law[6] and that Plaintiff is simply anticipating that Defendants will erroneously rely on § 233 for the authority to take those actions.  But Plaintiff has not pleaded any federal law that prohibits Defendants' actions and provides a cause of action.  See generally Compl.; Resp.; Suppl. Resp.  Anticipated federal defenses, even if meritorious, do not confer jurisdiction on federal courts.  See Rivet, 522 U.S. at 475; Shinnecock, 686 F.3d at 138-39.  The Court therefore concludes that Plaintiff has failed to plead jurisdiction.

## IV. STANDING

For the same reasons, Plaintiff lacks standing to bring this action in its present form.

---

[5] Even if § 233 controlled here, "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person."  Cannon v. Univ. of Chicago, 441 U.S. 677, 688 (1979).  Plaintiffs have not alleged that Congress intended § 233 to create a private cause of action.  See Touche Ross & Co. v. Redington, 442 U.S. 560, 568 (1979) ("[O]ur task is limited solely to determining whether Congress intended to create [a] private right of action . . . .").

[6] Cf. supra note 2 (discussing another proviso of § 233 intended to prevent interference with or abrogation of the Indian Nonintercourse Act).

### A. Legal Standard

Standing is an "essential aspect" of the limits of judicial power under Article III of the Constitution, which authorizes federal courts to decide only actual "Cases" or "Controversies." Hollingsworth v. Perry, 133 S. Ct. 2652, 2661 (2013). To have standing to invoke the power of a federal court, a litigant must prove that: (1) she "has suffered a concrete and particularized injury"; (2) the injury "is fairly traceable to the challenged conduct"; and (3) the injury "is likely to be redressed by a favorable judicial decision." Id. (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)); see also Lujan, 504 U.S. at 560 (describing these three elements as "the irreducible constitutional minimum of standing").

### B. Discussion

Assuming, without deciding, that Plaintiff meets the first two elements (injury and causation) by alleging that Defendants are attempting to impose property taxes, licensing laws, and building codes within the Triangle, Plaintiff does not meet the third element (redressability). To establish redressability, a plaintiff must show that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Town of Babylon v. Fed. Hous. Fin. Agency, 699 F.3d 221, 229 (2d Cir. 2012) (quoting Lujan, 504 U.S. at 561) Here, even if the Court were to afford Plaintiff all the relief Plaintiff seeks—*i.e.*, if the Court were to issue a declaratory judgment stating that the 1796 boundaries of the St. Regis Reservation are still in effect and continue to include the Triangle, and that 25 U.S.C. § 233 applies within those boundaries—Plaintiff's injury would in no way be redressed, because § 233 does not forbid Defendants from taking the actions of which Plaintiff complains. See, e.g., Town of Babylon, 699 F.3d at 229-30 (dismissing a plaintiff's claims for lack of redressability where there was no showing that the requested relief would cause

the defendants to act differently); cf. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 107 (1998) ("Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement."). The Court therefore concludes in the alternative that it lacks authority under Article III of the Constitution to exercise jurisdiction over this action as pleaded, because Plaintiff has failed to present a cognizable case or controversy.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED**, that Defendants' Motion (Dkt. No. 13) to dismiss is **DENIED as moot**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties.

**IT IS SO ORDERED.**

Dated: August 12, 2013
Albany, NY

Lawrence E. Kahn
U.S. District Judge